UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SUSAN DUSSAULT, et al.,           )
                                  )
       Plaintiffs                 )
                                  )
  v.                              )     1:17-cv-00334-GZS
                                  )
KENNEBEC PROBATE COURT, et al.,   )
                                  )
       Defendants                 )

**RECOMMENDED DECISION AFTER SCREENING
COMPLAINT AND AMENDED COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(e)**

Plaintiffs Susan and Louis Dussault filed a complaint (ECF No. 1) and an amended complaint (ECF No. 11) through which filings they attempt to assert claims against the Kennebec County Probate Court, the Waterville District Court, the State Police, and "Vital Records."

Plaintiffs filed applications to proceed in forma pauperis (ECF Nos. 3 and 12), which applications the Court granted. (ECF Nos. 6 and 14.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiffs' complaint and amended complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiffs' complaint and amended complaint pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss the matter.

**Discussion**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the

defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The documents Plaintiffs filed in support of their complaint and amended complaint reveal Plaintiffs' claim, which Plaintiffs allege arises under the Ninth Amendment, is based on Plaintiffs' dissatisfaction with state court proceedings, which resulted in the termination of Plaintiffs' parental rights regarding their minor child and the granting of a third party's petition for the adoption of the child.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiffs' complaint and amended complaint fails to reveal a basis upon which this Court could exercise jurisdiction.

To the extent Plaintiffs assert their claim against the State of Maine through its agencies, the defendants are not persons subject to federal court jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, and the Eleventh Amendment bars the case from proceeding against the defendants in federal court. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009); *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir. 2003).

Finally, to the extent Plaintiffs ask the Court to overturn or revisit decisions of a state court, Plaintiffs' claim is precluded by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Walczak v. Mass. State Retirement Bd.*, 141 F.3d 1150 (1st Cir. 1998) (unpublished) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

In sum, Plaintiffs have not asserted an actionable claim within the jurisdiction of this Court.

## Conclusion

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiffs' complaint and amended complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed finds or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
Dated this 26th day of September, 2017.            U.S. Magistrate Judge